# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DAVID GIBSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1696 (RMU) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| THE UNITED STATES NAVY, | : | | |
| | : | | |
| Defendant. | : | | |
| _____ | : | | |
| | : | | |
| ROBERT H. ADAIR *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 00-0566 (RMU) |
| | : | | |
| v. | : | Document No.: | 155 |
| | : | | |
| DONALD C. WINTER,[1] | : | | |
| Secretary of the Navy *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |
| _____ | : | | |
| | : | | |
| CHAPLAINCY OF FULL GOSPEL CHURCHES *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 99-2945 (RMU) |
| | : | | |
| v. | : | | |
| | : | Document No.: | 219 |
| DONALD C. WINTER, | : | | |
| Secretary of the Navy *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

---

[1] The court substitutes the current Secretary of the Navy, Donald C. Winter, acting in his official capacity, for his predecessor Gordon R. England. FED. R. CIV. P. 25(d)(1).

**MEMORANDUM ORDER**

**DENYING THE *GIBSON* PLAINTIFFS' MOTION TO TRANSFER;
GRANTING THE *ADAIR* DEFENDANTS' MOTION TO CONSOLIDATE *GIBSON* WITH *ADAIR* AND *CHAPLAINCY* CASES**

The three above-captioned cases involve constitutional challenges to the Navy Chaplaincy brought by current and former Navy Chaplains. In all of the cases, the plaintiffs are represented by the same counsel. Under the theory that both this federal district court and the D.C. Circuit are hostile to the plaintiffs' constitutional claims, the plaintiffs in *Gibson* initially brought their case in the United States District Court for the Northern District of Florida. *Gibson v. Navy*, No. 06-187 (N.D. Fl. 2006). The district court in Florida transferred the case to this court pursuant to the federal change of venue statute, 28 U.S.C. § 1404. *Id.* (Aug. 17, 2006) (order granting motion to transfer). The case is now before this court after the 11th Circuit affirmed the district court's transfer order and after the Supreme Court denied the plaintiffs' request for certiorari. *See* Pls.' Mot. to Transfer ("Pls.' Mot.") at 7.

The plaintiffs ask this court to transfer the case back to Florida. *Id.* The plaintiffs assert that because the case law in this jurisdiction "effectively denies plaintiffs protection under the Bill of Rights," no competent attorney would file the case here. *Id.* at 9. The defendants oppose the plaintiffs' motion for transfer and ask the court, in motions filed in the *Adair* and *Chaplaincy* cases, to consolidate those cases with the *Gibson* case. *Adair v. Winter*, No. 00-566 (D.D.C. Feb. 6, 2007) (the defendants' motion to consolidate)("Defs.' Mot."). The defendants argue that the court should defer to the district court in Florida's disposition of the transfer issue.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). This rule "applies as much to the decisions of a

coordinate court in the same case as to a court's own decisions." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988). "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* To prevent this result, the court will revisit the previously settled issued only if the plaintiffs can demonstrate that the first decision was "clearly erroneous and would work a manifest injustice." *Id.* at 817 (quoting *Arizona*, 460 U.S. at 618 n.8).

  The plaintiffs' arguments in support of their motion for transfer fail to convince the court that the decision of the Northern District of Florida was clearly erroneous *and* would work a manifest injustice. The plaintiffs' grounds for seeking re-transfer stem from the plaintiffs' disfavor of this court's and the D.C. Circuit's prior rulings in the Navy Chaplaincy cases. Pls.' Mot. at 2-6 (recounting the procedural history of the chaplaincy cases in this court and noting, for example, the "litigation problems in the District Court resulting from *In Re England*, 375 F.3d 1169 (D.C. Cir. 2004)"); Ex. 6 (documenting, in chart form, the "viability of claims by circuit court venue"). This argument constitutes a paragon for judicial forum shopping and to grant the plaintiffs' request would hurl this case into what could become an endless game of jurisdictional ping-pong between this court and the federal court in Florida. *Christianson*, 486 U.S. at 816. The plaintiffs have failed to argue that the Florida court's decision was "clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at 618 n.8. Accordingly, the court denies the plaintiffs' request to revisit the transfer issue, which the district court in Florida cogently considered previously.

  The defendants seek consolidation of the *Gibson* case with the currently pending *Adair*

and *Chaplaincy* cases. Defs.' Mot. "When actions involving a common question of law or fact are pending before the court . . . [the court] may order all the actions consolidated." FED. R. CIV. P. 42(a). The three pending actions referenced above all deal with substantially similar constitutional challenges to the Navy Chaplaincy program. Accordingly, the court concludes that consolidation of these cases is appropriate under Rule 42(a), as it serves both the interests of judicial economy and the ends of justice.

For the reasons set forth herein, it is this 18th day of June, 2007 hereby

**ORDERED** that the plaintiffs' motion to transfer is **DENIED**, and it is

**FURTHER ORDERED** that the defendants' motion to consolidate is **GRANTED**.

Pending before the court are several motions in *Adair* and *Chaplaincy*. The court's resolution of these motions will have a substantial impact on the *Gibson* plaintiffs. To permit the *Gibson* plaintiffs an opportunity to argue their position with respect to these motions, to expedite and simplify the court's resolution of these matters, in anticipation of future motions practice in these cases, and to efficiently manage a now expanding court docket, it is

**ORDERED:**

1. The Clerk of the Court shall create a new miscellaneous case for this consolidated case with the caption *In re Navy Chaplaincy*.

2. The three above-captioned cases shall be administratively closed pending further order of the court.

3. All pleadings shall be filed henceforth in *In re Navy Chaplaincy*, Misc. No. 07mc269.

4. All docket entries and court papers which relate to all such actions shall be captioned as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: : | |
| NAVY CHAPLAINCY, : | |
| : | Misc. Action No.:    07mc269 (RMU) |
| : | |
| _____: | |

5.  All motions now pending in the three cases referenced above are hereby **DENIED without prejudice**.

6.  The parties may refile motions in *In re Navy Chaplaincy*, Misc. No. 07mc269.

**SO ORDERED**.

                                                                RICARDO M. URBINA
                                                                United States District Judge