## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:                                         :
NAVY CHAPLAINCY                                 :
                                               :     Misc. Action No. 07mc269 (RMU)
                                               :
_____:

### DEFENDANTS' RENEWED MOTION TO RECONSIDER ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER AND FOR A PROTECTIVE ORDER AGAINST DISCOVERY OF SELECTIVE-EARLY-RETIREMENT BOARD DELIBERATIONS

Pursuant to Federal Rule of Civil Procedure 54(b) and based upon the newly-enacted 10 U.S.C. § 613a and 14104, defendants respectfully renew their motion to reconsider the Court's September 11, 2006, Opinion and Order [CFGC v. Winter, No. 99-2945 (RMU), docket nos. 234-35; Adair v. Winter, No. 00-566 (RMU), docket nos. 173-74] denying their appeal and objections to the Magistrate Judge's March 8, 2006, ruling [CFGC docket nos. 215-16; Adair docket nos. 151-52] and allowing plaintiffs discovery of selective-early retirement board deliberations. Further, defendants move for entry of a protective order against such discovery pursuant to Federal Rules of Civil Procedure 26 and 37.

Defendants filed their first motion to reconsider the Court's orders on February 5, 2007, in CFGC and Adair. [See CFGC docket no. 241] On June 18, 2007, the Court issued an order consolidating Adair, CFGC, and Gibson v. United States Navy, No. 06-1696 (RMU), into this miscellaneous matter. See Order dated June 18, 2007 [In re Navy Chaplaincy docket no. 1]. The Court also denied without prejudice all pending motions and granted the parties leave to re-file them in this new miscellaneous action. See id. Per the Court's instructions, defendants renew their motion to reconsider with this filing.

As more fully explained in the accompanying memorandum, an intervening change in law

enacted by Congress has now made it clear that the deliberations of statutory selection boards are

not to be disclosed absent consent of the Secretary of the Navy. 10 U.S.C. §§ 613a, 14104. Exhibits

and a proposed order also accompany this motion.

Pursuant to LCvR 7(m), undersigned counsel conferred with counsel for plaintiffs regarding

this motion. Counsel for plaintiffs stated that plaintiffs oppose this motion.

Dated: July 9, 2007                                 Respectfully submitted,

                                                    PETER D. KEISLER
                                                    Assistant Attorney General

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    VINCENT M. GARVEY
                                                    Deputy Branch Director

                                                    _____/S/_____
Of Counsel:                                         MICHAEL HYDE
Lieutenant Katherine Pasieta                        CHRISTOPHER HALL
Lieutenant Sergio Sarkany                           DANIEL BENSING
Office of the Judge Advocate General                Trial Attorneys
Department of the Navy                              Federal Programs Branch, Civil Division
Washington Navy Yard, Bldg. 33                      U.S. Department of Justice
1322 Patterson Ave., S.E., Suite 3000               P.O. Box 883
Washington, D.C. 30274-5066                         20 Massachusetts Ave., N.W., Room 7132
                                                    Washington, D.C. 20044
                                                    Telephone: (202) 514-2205
                                                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, a true and correct copy of the foregoing Renewed Motion to Reconsider Order Denying Appeal of Magistrate Judge's Order and for a Protective Order Against Discovery of Selective-Early-Retirement Board Deliberations, accompanying memorandum in support thereof, exhibits, and a proposed order were served by the Court's ECF system upon the following:

> Arthur A. Schulcz, Sr., Esq.
> 2521 Drexel Street
> Vienna, VA 22180
> Counsel for plaintiffs

_____/S/_____
MICHAEL Q. HYDE

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | : | |
| NAVY CHAPLAINCY | : | |
|  | : | Misc. Action No. 07mc269 (RMU) |
|  | : | |
| _____ | : | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO RECONSIDER ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDER AND FOR A PROTECTIVE ORDER AGAINST DISCOVERY OF SELECTIVE-EARLY RETIREMENT BOARD DELIBERATIONS

Dated: July 9, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

_____/S/_____

Of Counsel:
Lieutenant Katherine Pasieta
Lieutenant Sergio Sarkany
Office of the Judge Advocate General
Department of the Navy
Washington Navy Yard, Bldg. 33
1322 Patterson Ave., S.E., Suite 3000
Washington, D.C. 30274-5066

MICHAEL HYDE
CHRISTOPHER HALL
DANIEL BENSING
Trial Attorneys
Federal Programs Branch, Civil Division
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., N.W., Room 7132
Washington, D.C. 20044
Telephone: (202) 514-2205
Attorneys for Defendants

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      SECTIONS 613A AND 14104 ABSOLUTELY PROHIBIT
        DISCLOSURE OF SER BOARD DELIBERATIONS ABSENT
        CONSENT BY THE SECRETARY OF THE NAVY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     CONGRESS IS EMPOWERED TO ENACT A STATUTORY
        PRIVILEGE PROTECTING MILITARY SELECTION BOARD
        DELIBERATIONS FROM CIVIL DISCOVERY DESPITE ANY
        ASSERTION BY PLAINTIFFS OF NEED FOR SUCH DISCOVERY. . . . . . . . . . . . . . . . . . . . 9

III.    EVEN IF THE COURT COULD CONSIDER PLAINTIFFS'
        NEED FOR DISCOVERY, THE COURT SHOULD REQUIRE A
        HEIGHTENED SHOWING OF NEED IN LIGHT OF
        CONGRESS'S ENACTMENT OF THE NEW STATUTES, A SHOWING
        PLAINTIFFS HAVE FAILED TO MAKE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES

Adair v. England,
217 F.R.D. 250 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

Adair v. Winter,
451 F. Supp.2d 202 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Adair v. Winter,
451 F. Supp.2d 210 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Baldrige v. Shapiro,
455 U.S. 345 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9, 10

Beverly Community Hosp. Ass'n v. Belshe,
132 F.3d 1259 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Burlington Ins. Co. v. Okie Dokie, Inc.,
439 F. Supp.2d 124 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cobell v. Norton,
224 F.R.D. 266 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

In re England,
375 F.3d 1169 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Gilligan v. Morgan,
413 U.S. 1 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hill v. Sandhu,
129 F.R.D. 548 (D. Kan. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Judicial Watch v. Dep't of Army,
466 F. Supp.2d 112 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lamie v. United States,
540 U.S. 526 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Landgraf v. USI Film Prods.,
511 U.S. 244 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

McDonnell Douglas Corp. v. Nat'l Aeronautics & Space Admin.,
    109 F. Supp.2d 27 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Means v. Northern Cheyenne Tribal Court,
    154 F.3d 941 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Orloff v. Willoughby,
    345 U.S. 83 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pierce County, Wash. v. Guillen,
    537 U.S. 129 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Samuelson v. Susen,
    576 F.2d 546 (3d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Trammel v. United States,
    445 U.S. 40 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

U.S. ex rel. Purcell v. MWI Corp.,
    209 F.R.D. 21 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Armstrong,
    517 U.S. 456 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Chemical Foundation, Inc.,
    272 U.S. 1 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Johnson,
    529 U.S. 53 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Stanley,
    483 U.S. 669 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

10 U.S.C. §§ 611 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

10 U.S.C. §§613a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

10 U.S.C. § 618 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 10

10 U.S.C. § 14104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## <u>OTHER SOURCES</u>

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Evid. 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

H.R. Rep. 109-452, 2006 WL 1232223 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

National Defense Authorization Act for Fiscal Year 2007,
H.R. 5122, 109th Cong., Pub. L. No. 109-364, 120 Stat. 2216 (2006) . . . . . . . . . . . . . . . 2, 3, 6

S. Rep. 102-482, 1992 WL 311856 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

S. Rep. 109-254, 2006 WL 1310468 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S. Const. art. I, § 8, cl. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INTRODUCTION

Shortly after this Court upheld the Magistrate Judge's ruling that plaintiffs may have discovery of the deliberations of Navy chaplain selective-early retirement ("SER") boards, Congress amended Title 10 to unequivocally prohibit the disclosure of selection board deliberations absent the consent of the Secretary of the Navy.  This amendment is consistent with Congress's and the Navy's longstanding determination to protect the critical role played by selection boards in the promotion and retention of officers, an area in which the Judiciary owes substantial deference to Congress and the Executive.  Because "[s]election board members will be less likely to engage in frank and open discussion if such discussions will be open to public scrutiny," disclosure of their deliberations would "clearly inhibit frank assessment of candidates' relative strengths and weaknesses."  In re England, 375 F.3d 1169, 1178 (D.C. Cir. 2004) (internal quotation marks omitted); see also Decl. of Gordon R. England, Secretary of the Navy, originally filed as Tab H to Defs.' Opp. to Pls.' Mot. for Order [CFGC v. Winter, No. 99-2945 (RMU), docket no. 124] (copy at Defs.' Ex. 1) ("England Decl.") at ¶ 9.  Thus, Congress has protected the ability of selection boards to make proper recommendations by prohibiting civil discovery of selection board deliberations.

Congress's decision to protect the confidentiality of SER board deliberations is dispositive and requires the Court to deny plaintiffs discovery of SER board deliberations.  The Court should therefore vacate its previous orders allowing discovery of SER board deliberations and enter a protective order against such discovery.

# RELEVANT BACKGROUND

This case consolidates three pending cases: CFGC v. Winter, No. 99-2945 (RMU), Adair v. Winter, No. 00-566 (RMU), and Gibson v. United States Navy, No. 06-1696 (RMU).  Plaintiffs in these actions are non-liturgical Protestant chaplains who allege that the Navy illegally and

systemically discriminates against non-liturgical Protestant chaplains in favor of liturgical Protestant and Roman Catholic chaplains in promotions, retention, and accessions. Plaintiffs also allege that non-liturgical Protestant chaplains have been discriminated against through the Navy's alleged favoring of a "general Protestant service" and by its alleged restriction of non-liturgical forms of religious services.

A more thorough history of the litigation in Adair and CFGC regarding the discoverability of selection board deliberations is recounted in Defendants' Objections to and Motion to Reconsider Magistrate Judge's Opinion [CFGC docket no. 219]. In summary, upon appeal of this Court's Order allowing plaintiffs discovery of selection board deliberations, see 9/2/03 Opinion and Order [CFGC docket no. 164], published at Adair v. England, 217 F.R.D. 250 (D.D.C. 2003), the Court of Appeals for the D.C. Circuit found that 10 U.S.C. § 618(f) "block[s] civil discovery of promotion selection board proceedings in civil litigation" and remanded for a determination of whether SER board deliberations are discoverable. In re England, 375 F.3d at 1181-82. On March 8, 2006, Magistrate Judge John M. Facciola issued an Order and Opinion finding that plaintiffs are entitled to discovery of SER board deliberations. 3/8/2006 Order and Mem. Op. [CFGC docket nos. 215-16]. On September 11, 2006, this Court denied defendants' appeal of the Magistrate Judge's findings. 9/11/06 Order and Mem. Op. [CFGC docket nos. 234-35], published at Adair v. Winter, 451 F. Supp.2d 202 (D.D.C. 2006) ("9/11/06 Order I").

On October 17, 2006, the President signed the National Defense Authorization Act for Fiscal Year 2007, H.R. 5122, 109th Cong. (2006); Pub. L. No. 109-364, § 547, 120 Stat. 2216. Section 547 of that Act provides a "clarification" of the nondisclosure requirement by amending Title 10 to state unequivocally that the deliberations of boards convened under 10 U.S.C. §§ 611 and 14101, including SER boards, are protected from civil discovery. Specifically, Congress replaced 10 U.S.C.

§ 618(f) with 10 U.S.C. § 613a, which states:

> § 613a. Nondisclosure of Board Proceedings
> (a) Nondisclosure – The proceedings of a selection board convened under section 611 this title may not be disclosed to any person not a member of the board.
> (b) Prohibited uses of board discussions, deliberations, and records.– The discussions and deliberations of a selection board described in subsection (a) and any written or documentary record of such discussions and deliberations –
>> (1) are immune from legal process;
>> (2) may not be admitted as evidence; and
>> (3) may not be used for any purpose in any action, suit, or judicial or administrative proceeding without the consent of the Secretary of the military department concerned.

10 U.S.C. § 613a; Pub. L. No. 109-364, § 547, 120 Stat. 2216. Congress enacted a similar provision for reserve-duty boards. 10 U.S.C. § 14104; Pub. L. No. 109-364, § 547, 120 Stat. 2216. Congress further stated that these provisions "shall apply with respect to the proceedings of all selection boards" convened under 10 U.S.C §§ 611 and 14101, "including selection boards convened before the date of the enactment of this Act." Pub. L. No. 109-364, § 547(c), 120 Stat. 2216.

The Court stayed Adair and CFGC by Minute Order on October 20, 2006. The Court lifted the stay by Minute Order on January 24, 2007. Defendants filed their first motion to reconsider on February 5, 2007. [See CFGC docket no. 241]

On June 18, 2007, the Court issued an order consolidating Adair, CFGC, and Gibson into this miscellaneous matter. See Order dated June 18, 2007 [In re Navy Chaplaincy docket no. 1]. The Court also denied without prejudice all pending motions and granted the parties leave to re-file them in this new miscellaneous action. See id. Per the Court's instructions, defendants renew their motion with this filing.

**ARGUMENT**

Rule 54 permits a court to revise its interlocutory orders "at any time before the entry of

judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); see also Judicial Watch v. Dep't of Army, 466 F. Supp.2d 112, 123 (D.D.C. 2006); Burlington Ins. Co. v. Okie Dokie, Inc., 439 F. Supp.2d 124, 131 (D.D.C. 2006); Cobell v. Norton, 224 F.R.D. 266, 271-72 (D.D.C. 2004).  Reconsideration of prior orders is under the standard "as justice requires," which involves consideration of "whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since submission of the issue to the court.'" Judicial Watch, 466 F. Supp.2d at 123 (quoting Cobell, 224 F.R.D. at 272); see also Burlington Ins., 439 F. Supp.2d at 131-32; McDonnell Douglas Corp. v. Nat'l Aeronautics & Space Admin., 109 F. Supp.2d 27, 28 (D.D.C. 2000) (court has broad discretion to amend prior decision if it finds, inter alia, "an intervening change in controlling law").  This standard "amounts to determining 'whether reconsideration is necessary under the relevant circumstances.'" Judicial Watch, 466 F. Supp.2d at 123 (quoting Singh v. George Wash. Univ., 383 F. Supp.2d 99, 101 (D.D.C. 2005)).

Further, a party is not entitled to discovery of privileged information.  Fed. R. Civ. P. 26(b)(1); U.S. ex rel. Purcell v. MWI Corp., 209 F.R.D. 21, 24 (D.D.C. 2002).  The court may enter a protective order against impermissible discovery.  See Fed. R. Civ. P. 26(b)(2), (c) id. Rule 37(a)(4)(B) (court may enter protective order upon denial of motion to compel).  In light of the intervening changes in law contained in 10 U.S.C. §§ 613a and 14104, the Court should exercise its discretion to reconsider the 9/11/06 Order I and enter a protective order prohibiting any discovery of SER board deliberations.

**I.    SECTIONS 613a AND 14104 ABSOLUTELY PROHIBIT DISCLOSURE OF SER BOARD DELIBERATIONS ABSENT CONSENT BY THE SECRETARY OF THE NAVY.**

Analysis of whether Title 10 prohibits civil discovery of SER board deliberations "begin[s] with the plain language of the statute."  In re England, 375 F.3d at 1177; see also Baldrige v. Shapiro, 455 U.S. 345, 356 (1982).  "It is well established that 'when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.'"  In re England, 375 F.3d at 1177 (quoting Lamie v. United States, 540 U.S. 526 (2004); see also Baldrige, 455 U.S. at 362 (Congress's statutory mandate "to be followed by the courts").

In Sections 613a and 14104, the plain language of subsection (a) states that selection board deliberations "may not be disclosed to any person not a member of the board."  10 U.S.C. §§ 613a(a), 14104(a).  This is the same language as that reviewed in In re England and found to prohibit disclosure of promotion board deliberations.  375 F.3d. at 1177.  The D.C. Circuit found that such language "is the language of command – 'may not be disclosed' – in a context in which commands are expected to be obeyed.  There is no inherent ambiguity in the phrase 'may not be disclosed' that would justify departing from those plain terms pursuant to a judicially-crafted exception."  Id. Although this language is alone sufficient to prohibit discovery, the new statutes go further by stating that all discussions and written records "are immune from legal process; . . . may not be admitted as evidence; and  . . . may not be used for any purpose in any action, suit, or judicial . . . proceeding without the consent of the Secretary of the military department concerned."  10 U.S.C. §§ 613a(b), 14014(b).  This plain language functions exactly as the statute at issue in In re England – to prohibit the disclosure of deliberations by the relevant selection boards, which now includes SER boards.

This conclusion is "fortified by the fact that Congress provided an express exception to the

otherwise categorical ban on disclosure." In re England, 375 F.3d at 1177.  "When Congress provides exceptions in a statute, it does not follow that courts have authority to create others." United States v. Johnson, 529 U.S. 53, 58 (2000); see also In re England, 375 F.3d at 1178. Subsection (b) of the new statutes set forth statutory exceptions, which allow disclosure only with the consent of the Secretary of the Navy.  Not only do these exceptions lack any provision for disclosure in discovery, they foreclose such disclosure.  The Court therefore may not "imply an additional exception."  See In re England, 375 F.3d at 1178 (citing Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 109 (1980)).

Congress also meant to apply Sections 613a and 14104 to the SER board deliberations at issue here.  "When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.  If Congress has done so, of course, there is no need to resort to judicial default rules." Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994).  Congress unambiguously stated that Sections 613a and 14104 "shall apply with respect to the proceedings of all selection boards" convened under 10 U.S.C. §§ 611 and 14101, "including selection boards convened before the date of enactment of this Act." Pub. L. No. 109-364, § 547(c), 120 Stat. 2216.  Again, this is the "language of command" and allows no exception for civil discovery related to boards already the subject of a suit.  Cf. In re England, 375 F.3d. at 1177.  Further, Congress's enactment of these statutes as a "clarification" demonstrates its intent to apply the statutes to existing cases, because a clarification is a statement "of what [Congress] believed the law already was, and thus to be applicable to all cases, past, present and future."  Means v. Northern Cheyenne Tribal Court, 154 F.3d 941, 951 (9th Cir.1998) (Reinhardt, J., concurring), overruled on other grounds, United States v. Enas, 255 F.3d 662 (9th Cir. 2001); see also Beverly Community Hosp. Ass'n v. Belshe, 132 F.3d 1259, 1264 (9th Cir. 1997) ("Congress'

characterization [of a new act as a clarification] plainly reflects its intention to resolve every still-live dispute in the manner specified by the new legislation.").

Application of Sections 613a and 14104 to these cases is also proper because the statutes do not affect any parties' substantive rights, but are instead procedural rules of evidence that govern what information may be discovered and presented and are therefore applicable to pending cases. See Hill v. Sandhu, 129 F.R.D. 548, 549-50 (D. Kan. 1990) (finding that statutory privilege applied to documents created before statute's passage because statute "does not impair the substantive law of the underlying action"); see also Samuelson v. Susen, 576 F.2d 546, 551 (3d Cir. 1978) (under state law, statutory privilege enacted after suit initiated applied to discovery because statute regulated admission of evidence and was therefore procedural).

"'[W]here the terms of a statute are unambiguous, judicial inquiry is complete.'" In re England, 375 F.3d at 1178 (quoting Adams Fruit Co. v. Barrett, 494 U.S. 638, 642 (1990)). However, where the legislative history is "instructive," it may be cited as support for the conclusion that the analysis of a statute's plain language and its scope is correct. See id. at 1178; see also Baldrige, 455 U.S. at 356 (Supreme Court looked to legislative history to support conclusion that Census Act created privilege for certain census records); Pierce County, Wash. v. Guillen, 537 U.S. 129, 146 (2003) (citing legislative history to support interpretation of statutory privilege).

Here, "nothing in that [legislative] history remotely suggests that Congress intended an unexpressed exception to the ban on disclosure for civil discovery." See In re England, 375 F.3d at 1178. The Secretary of the Navy relies on SER board deliberations to engage in "[f]ree, uninhibited, and candid deliberations" to make subjective evaluations of naval officer records in determining which officers should be retired in accordance with the needs of the Navy. England Decl. ¶ 9. Confidentiality of SER board deliberations is essential to ensure that SER board recommendations

are "based on full, frank, and independent advice and analyses." Id.; see also In re England, 375 F.3d at 1178 (adopting Secretary's rationale); 9/11/06 Opinion and Order [CFGC docket nos. 232-33], published at Adair v. Winter, 451 F. Supp.2d 210 (D.D.C. 2006) ("9/11/06 Order II") at 21 (citing discussion in In re England).

Consistent with these interests, a Report in the House of Representatives stated that Sections 613a and 14104 "clarify that selection board proceedings regarding promotion, retention, retirement, separation, and other personnel actions shall not be disclosed to any person who is not a board member and board records shall be immune from legal process, not be admitted as evidence, and not used for any judicial or administrative proceeding without the consent of the secretary concerned." H.R. Rep. 109-452, § 532 at 322, 2006 WL 1232223 (2006) (relevant pages at Defs.' Ex. 2). In debate on a similar proposal addressing promotion board deliberations, a Senate report stated that "existing policies" of the military and "oversight exercised by senior military and civilian officials . . . provide necessary safeguards and are effective in ensuring that promotion selection board members fulfill their duty under law to recommend the best qualified officers for promotion." S. Rep. 109-254 § 518, at 315, 2006 WL 1310468 (2006) (relevant pages at Defs.' Ex. 3). The Senate Report also stated that "[e]rosion over time of the limits on judicial review and discovery in connection with litigation have not been consistent with the statutory framework and military necessity." Id. Further, the Senate has interpreted the former 10 U.S.C. § 618(f), which provided instruction similar to the new statutes, as necessary to "encourage candid discussions free from outside interference." S. Rep. 102-482 at 2, 1992 WL 311856 (1992) (relevant pages at Defs.' Ex. 4). Like the statute's plain language, this legislative history demonstrates Congress's expectation that the new statutes prohibit civil discovery of SER board deliberations.

## II.    CONGRESS IS EMPOWERED TO ENACT A STATUTORY PRIVILEGE PROTECTING MILITARY SELECTION BOARD DELIBERATIONS FROM CIVIL DISCOVERY DESPITE ANY ASSERTION BY PLAINTIFFS OF NEED FOR SUCH DISCOVERY.

"It is well recognized that a privilege may be created by statute." Baldrige, 455 U.S. at 360; see also Fed. R. Evid. 501 (recognizing privileges "provided by Act of Congress"). In Baldrige, the Court cited Congress's constitutional authority to conduct the census as authorizing enactment of a privilege against disclosure of certain census records. See Baldrige, 455 U.S. at 361 (power to create statutory privilege protecting census information is "within congressional discretion, for Congress is vested by the Constitution with authority to conduct the census 'as they shall by Law direct'"). Further, in Pierce County, the Supreme Court held that a federal statute protecting certain information collected by states regarding road conditions was validly enacted pursuant to Congress's authority under the Commerce Clause. 537 U.S. at 146-48.

Here, the Constitution grants to Congress the power to regulate the military. U.S. Const. art. I, § 8, cl. 14 (Congress is "[t]o make Rules for the Government and Regulation of the land and naval forces."). Further, Congress is entitled to substantial deference in its management of military personnel. See, e.g., United States v. Stanley, 483 U.S. 669, 681-82 & n.6 (1987) (distinctive element of Constitution's treatment of military is "specificity" of "grant of power" and "insistence (evident from the number of clauses devoted to the subject) with which the Constitution confers authority over the [military] upon the political branches"); Gilligan v. Morgan, 413 U.S. 1, 10 (1973) (Constitution vests "complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force" exclusively in legislative and executive branches); Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953) ("[J]udges are not give the task of running the [military]").

Thus, it is for Congress to weigh any competing interests and decide whether a statutory privilege will better enable the Navy's officer promotion and retention systems to function. See

Baldrige, 455 U.S. at 362 ("Congress, of course, can authorize disclosure in executing its constitutional obligation . . . . But until Congress alters [the statutory privilege], its mandate is to be followed by the courts."); 9/11/06 Order II at 19 n. 13 (statutory privilege represents conclusion by political branches that "interests furthered by the privilege outweighs the 'normally predominant principle of utilizing all rational means for ascertaining truth.'" (quoting Trammel v. United States, 445 U.S. 40, 50-51 (1980)). Here, Congress's determination that the deliberations of all selection boards should be protected from disclosure is binding on this Court.

Plaintiffs have, in the past, argued that they need discovery of SER board deliberations and that Congress lacks power to deny them discovery of selection board deliberations. See, e.g., Pls.' Opp. Mot. Reconsideration [CFGC docket no. 253]. This Court has already rejected such arguments. In upholding the former Section 618(f)'s application to promotion board deliberations, this Court found that there is "no general constitutional right to statutorily privileged evidence essential to establishing a constitutional claim" 9/11/06 Order II at 2; id. at 12, 17. Instead, a "finding of 'privilege' . . . shields the requested information from disclosure despite the need demonstrated by the litigant." Baldrige, 455 U.S. at 362; In re England, 375 F.3d at 1180 (quoting same). In any event, Sections 613a and 14104 do not deny plaintiffs any information essential to proving their claims. Cf. 9/11/06 Order II at 15-16 (finding that discovery of promotion board deliberations would not produce evidence that was "necessary element of a claim of religious discrimination,"); id. at 16 (citing alternative evidence available to plaintiffs).

Nor do the new statutes deny plaintiffs a judicial forum for their claims. Although Sections 613a and 14104 bar discovery of SER board deliberations, plaintiffs "remain free to litigate their discrimination claims and to support them with other evidence." In re England, 375 F.3d at 1180 n.2 (rejecting similar argument as applied to 10 U.S.C. § 618(f)); 9/11/06 Order II at 10 (former

-10-

Section 618(f) "merely restricts the evidence available to plaintiffs in support of their claims.").

### III.  EVEN IF THE COURT COULD CONSIDER PLAINTIFFS' NEED FOR DISCOVERY, THE COURT SHOULD REQUIRE A HEIGHTENED SHOWING OF NEED IN LIGHT OF CONGRESS'S ENACTMENT OF THE NEW STATUTES, A SHOWING PLAINTIFFS HAVE FAILED TO MAKE.

Finally, even if plaintiffs' need could be considered, plaintiffs have failed to show sufficient justification to overcome the congressionally-recognized interest in non-disclosure. Congress's clear instruction that selection board deliberations should not be disclosed or used in judicial proceedings absent the Secretary's consent, if not an absolute privilege, at a minimum requires plaintiffs to overcome a very strong presumption against disclosure before obtaining discovery of SER board deliberations. Cf. United States v. Armstrong, 517 U.S. 456, 465 (1996) (in context of criminal prosecutions, holding that "to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary'" (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)).

As recounted multiple times in this litigation, the Secretary of the Navy relies on SER board deliberations to engage in "[f]ree, uninhibited, and candid deliberations" to make subjective evaluations of naval officer records in determining which officers should be retired in accordance with the needs of the Navy. England Decl. at ¶ 9; see, supra, Part I. Confidentiality of SER board deliberations is essential to ensure that SER board recommendations are "based on full, frank, and independent advice and analyses." England Decl. ¶ 9; see also In re England, 375 F.3d at 1178 (adopting Secretary's rationale); 9/11/06 Order II at 21 (citing discussion in In re England). The legislative history of sections 618(f), 613a, and 14104 confirms that Congress sought to protect the integrity of these deliberations when it enacted the privilege. See, supra, Part I. Further, because it is disclosure itself that would chill future deliberations, routine use of measures short of a protective order barring any discovery would not prevent the harm to future deliberations that

-11-

Congress sought to prevent.  Cf. In re England, 375 F.3d at 1178 (stating that "[s]election board members will be less likely to engage in frank and open discussion if such discussions will be open to public scrutiny" and disclosure would "clearly inhibit frank assessment of candidates' relative strengths and weaknesses" (internal quotation marks omitted)).

As defendants have previously argued, plaintiffs have not shown sufficient justification for discovery of SER boards to support their contention that the Navy imposes quotas upon non-liturgical Protestant chaplains under consideration for early retirement.  See, e.g., Mem. in Supp. of Defs.'Mot. Reconsider Mag. Judge's Opinion [CFGC docket no. 219] ("Defs.' Mot. Reconsider") at 12-25; Reply in Support of Defs.' Mot. Reconsider Mag. Judge's Opinion [CFGC docket no. 226] ("Defs.' Mot. Reconsider Reply") at 10-18.   This is especially so because analysis of recommendations by SER board members shows that SER boards did not recommend non-liturgical Protestant chaplains at rates different to any statistically significant degree than rates for other chaplains.  Defs.' Mot. Reconsider at 16-22 (and exhibits cited therein).  Further, this Court found that, in the context of plaintiffs' similar promotion claims, discovery of board deliberations is not essential to proving their claims.  See 9/11/06 Order II at 15-16 (finding that discovery of promotion board deliberations would not produce evidence that was "necessary element of a claim of religious discrimination"); id. at 16 (citing alternative evidence available to plaintiffs).

Although the Court previously ruled that plaintiffs were entitled to discovery of SER board deliberations despite defendants' relevance objection and assertion of the deliberative process privilege,[1] Congress's decision to enact sections 613a and 14104 at the least provides reason to find

---

[1]  Defendants also preserve for subsequent review their objection to the discovery of SER board deliberations as irrelevant, protected by the deliberative process privilege, and prohibited by statutorily-authorized naval regulation.

-12-

that the government's interest in non-disclosure outweighs any need by plaintiffs for discovery of SER board deliberations.

## CONCLUSION

For the reasons set forth above, defendants request that this Court vacate its 9/11/06 Order I, reverse the Magistrate Judge's March 3, 2006 Opinion and Order, and enter a protective order prohibiting plaintiffs any discovery of SER board deliberations.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:                                              :
NAVY CHAPLAINCY                                     :
                                                    :     Misc. Action No. 07mc269 (RMU)
                                                    :
_____:

### [proposed] Order

Upon consideration of Defendants' Renewed Motion to Reconsider Order Denying Appeal of Magistrate Judge's Order and for a Protective Order Against Discovery of Selective-Early-Retirement Board Deliberations, plaintiffs' opposition thereto, and good cause having been shown, it is

ORDERED that the motion is GRANTED and that the Court's Order and Opinion dated September 11, 2006 [[CFGC v. Winter, No. 99-2945, docket nos. 234-35; Adair v. Winter, No. 00-566, docket nos. 173-74] and Magistrate Judge Facciola's March 8, 2006 Opinion and Order [CFGC docket nos. 215, 216; Adair docket nos. 151, 152] are vacated, and

IT IS FURTHER ORDERED that plaintiffs shall not be entitled to take discovery of the deliberations of any Navy Chaplain Corps selective early retirement boards.

DONE, this _____ day of _____, 2007.


                                    _____
                                    RICARDO M. URBINA
                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHAPLAINCY OF FULL GOSPEL CHURCHES, et al., | ) ) | Civil Action No. 1:99cv02945 (RMU) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| THE HONORABLE GORDON R. ENGLAND, Secretary of the Navy, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT H. ADAIR, et al., | ) ) | Civil Action No. 1:00cv00566 (RMU) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| THE HONORABLE GORDON R. ENGLAND, Secretary of the Navy, et al., | ) ) ) ) | DECLARATION OF GORDON R. ENGLAND, SECRETARY OF THE NAVY, IN SUPPORT OF DEFENDANTS' OPPOSITION TO |
| Defendants. | ) ) ) | PLAINTIFFS' MOTION TO COMPEL |

DECLARATION OF GORDON R. ENGLAND, SECRETARY OF THE NAVY

Pursuant to 28 U.S.C. § 1746, I, Gordon R. England, do hereby state and declare as follows:

1. I am the Secretary of the Navy. As the Secretary, I am Head of the Department of the Navy, which consists of two uniformed services: the United States Navy and the United States Marine Corps. I was appointed to this position by the President of the United States on April 24, 2001, confirmed by the United States Senate on May 22, 2001, and sworn in as the 72nd Secretary of the Navy on May 24, 2001.

2. One of my responsibilities as the Secretary of the Navy, among many others, is to take action upon the report of all selection boards. Selection boards within the Department of the

1

Defendants' Renewed Motion
to Reconsider
Exhibit 1
Page 1 of 5

Navy, which include promotion and selective early retirement boards, are convened and board

members selected in accordance with 10 U.S.C. §§ 611 and 612 and Secretary of the Navy

Instruction (SECNAVINST) 1401.3, Selection Board Membership, dated December 1, 1989.

Additionally, all selection boards within the Department of the Navy are conducted in

accordance with the provisions of Department of Defense Instruction (DODI) 1320.14,

Commissioned Officer Promotion Program Procedures, dated September 24, 1996 and

SECNAVINST 1420.1A, Promotion and Selective Early Retirement of Commissioned Officers

on the Active Duty Lists of the Navy and Marine Corps, dated January 8, 1991.

    3. In accordance with 10 U.S.C. § 638 and SECNAVINST 1420.1A, each selective early

retirement board is charged with recommending officers for involuntary retirement based upon

the identified needs of the Navy. Each selective early retirement board must submit the names of

officers recommended for involuntary retirement in a written report. After review and

recommendations by the Chief of Naval Personnel, Chief of Naval Operations and/or

Commandant of the Marine Corps, I would receive the report for action. Although the Navy is

not currently utilizing selective early retirement boards, such boards are composed, convened,

sworn, conducted, and governed by the same rules and regulations as promotion selection

boards.

    4. In accordance with 10 U.S.C. § 616 and SECNAVINST 1420.1A, each promotion

selection board is charged with making recommendations regarding which officers being

considered by the board are best qualified for promotion to the next higher grade. Each

promotion selection board must submit to me, per 10 U.S.C. § 617, the results of the board in a

written report, signed by each member, containing the names of officers recommended for

promotion. Upon receipt of this report, I am required, by 10 U.S.C. § 618(a), to review the

report to determine if the promotion selection board acted in accordance with the law and the rules and regulations governing the promotion selection board process. Following my final review of the report, 10 U.S.C. § 618(c) requires that I forward it and my recommendations regarding promotion to the Secretary of Defense for transmittal to the President of the United States for his approval and/or disapproval.

5. 10 U.S.C. § 618(f) states that "[e]xcept as authorized or required by this section, proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." Pursuant to 10 U.S.C. § 618, disclosure of the proceedings and report of a selection board is therefore only authorized, under certain circumstances, to be made to the following individuals: the Secretary of the Military Department concerned, the Chairman of the Joint Chiefs of Staff, the Secretary of Defense, and the President of the United States. Thus, by statute, selection board proceedings must remain confidential except under narrow circumstances directly pertaining to the oversight of such boards by the Department of Defense and the President of the United States.

6. I am aware of the above-captioned litigation and have personally reviewed the plaintiffs' Motion to Compel depositions of selection board members.

7. I base this declaration on my personal knowledge, information made available to me in the performance of my official duties, and my knowledge of the issues being litigated in the above-captioned matter, in which I am a defendant in my official capacity.

8. I hereby assert the privilege against disclosure contained in 10 U.S.C. § 618(f) and the deliberative process privilege with respect to the information sought in discovery regarding the proceedings of Department of the Navy promotion selection and selective early retirement boards, specifically the discussions and deliberations of board members in making

3

recommendations regarding which officers are best-qualified for promotion, and recommended

for retirement based upon the needs of the Navy. I understand that the defendants may also

assert other privileges and protections with regard to this information. The fact that my

declaration is limited to a discussion of the privilege contained in 10 U.S.C. § 618(f) and the

deliberative process privilege is not meant to suggest that the information is not otherwise

protected from disclosure.

9. The information for which these privileges are asserted concerns core functions of the

Department of the Navy's decision-making process regarding which officers are best-qualified

for promotion, and which are recommended for retirement based upon the needs of the Navy.

The information includes the pre-decisional analyses, opinions, advice, and/or recommendations

upon which I rely when deciding which officers are best qualified for promotion, and, in the case

of selective early retirement boards, which officers should be involuntarily retired. Determining

which officers should be involuntarily retired in order to serve the best interests of the Navy is a

difficult task. Likewise, determining which officers are best qualified for promotion from a pool

of many fully qualified candidates involves inherently difficult and subjective evaluations. Free,

uninhibited, and candid deliberations by selection boards are therefore vital to the effective

functioning of the selection board process. Release of information regarding these proceedings

to the public will severely undermine the ability of the Department of the Navy to effectively

operate its promotion and selective early retirement systems. Selection board members will be

less likely to engage in frank and open discussion if such discussions will be open to public

scrutiny. Lastly, release of the proceedings of selection boards will inhibit selection board

members from providing to me, and future agency decision makers, recommendations based on

full, frank, and independent advice and analyses required to formulate and implement important

Department of the Navy decisions regarding officer promotions and involuntary retirements.

Further declarant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Executed at Arlington, Virginia, this ___21___ day of November 2002.

GORDON R. ENGLAND
Secretary of the Navy

| 109TH CONGRESS 2nd Session | HOUSE OF REPRESENTATIVES | REPORT 109–452 |

# NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2007

## R E P O R T

OF THE

## COMMITTEE ON ARMED SERVICES HOUSE OF REPRESENTATIVES

ON

## H.R. 5122

together with

## ADDITIONAL AND DISSENTING VIEWS

[Including cost estimate of the Congressional Budget Office]



MAY 5, 2006.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Defendants' Renewed Motion
to Reconsider
Exhibit 2
Page 1 of 2

322

SUBTITLE D—GENERAL SERVICE AUTHORITIES

Section 531—Test of Utility of Test Preparation Guides and Education Programs in Enhancing Recruit Candidate Performance on the Armed Services Vocational Aptitude Battery (ASVAB) and Armed Forces Qualification Test (AFQT)

This section would require the Secretary of Defense to administer a test program conducted by the secretaries of the military departments to determine the utility of commercially available test preparation guides and education programs to assist recruit candidates in achieving improved scores on military recruit qualification tests. The Secretary would identify 2,000 recruit candidates to receive test preparation assistance and a like number of recruit candidates to participate in a control group to allow comparisons of test performance and subsequent duty performance in training and unit settings following active duty entry. The Secretary would begin the test within nine months following the date of enactment of this Act. The test would identify participants over a 1–year period from the start of the test and shall assess duty performance for each participant for 18 months following entry on active duty.

The committee has observed that there are many self-paced, computer assisted, and instructor led options for providing test preparation assistance for recruit qualification tests. The committee is interested in exploring the potential that these test preparation guides and education programs offer for the military to assist recruit candidates to achieve higher and more accurate aptitude and qualification scores. The committee believes that the test program proposed in this section would allow the Secretary to determine if test preparation assistance can be reliably used to improve the process by which recruits are placed in specialties and increase the number of youth that qualify for entry into the armed forces.

Section 532—Nondisclosure of Selection Board Proceedings

This section would clarify that selection board proceedings regarding promotion, retention, retirement, separation, and other personnel actions shall not be disclosed to any person who is not a board member and board records shall be immune from legal process, not be admitted as evidence, and not used for any judicial or administrative proceeding without the consent of the secretary concerned.

Section 533—Report on Extent of Provision of Timely Notice of Long-Term Deployments

This section would require the Secretary of Defense to report on the number of members of the Armed Forces who, since September 11, 2001, have not received at least 30-days notice prior to a deployment that was scheduled to last 180 days or more. This section would require the report be made to the Senate Committee on Armed Services and the House Committee on Armed Services no later than March 1, 2007.

Calendar No. 426

| 109TH CONGRESS<br>2nd Session | SENATE | REPORT<br>109–254 |
|---|---|---|

# NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2007

—

R E P O R T

[TO ACCOMPANY S. 2766]

ON

AUTHORIZING APPROPRIATIONS FOR FISCAL YEAR 2007 FOR MILI-
TARY ACTIVITIES OF THE DEPARTMENT OF DEFENSE, FOR MILI-
TARY CONSTRUCTION, AND FOR DEFENSE ACTIVITIES OF THE
DEPARTMENT OF ENERGY, TO PRESCRIBE PERSONNEL
STRENGTHS FOR SUCH FISCAL YEAR FOR THE ARMED FORCES,
AND FOR OTHER PURPOSES

TOGETHER WITH

## ADDITIONAL VIEWS

—

## COMMITTEE ON ARMED SERVICES UNITED STATES SENATE



MAY 9, 2006.—Ordered to be printed

315

removal authority to the President for officers below general and flag officer rank is unnecessary.

## Clarification of nondisclosure requirements applicable to promotion selection board proceedings (sec. 518)

The committee recommends a provision that would amend sections 618 and 14104 of title 10, United States Code, to clarify the nondisclosure requirements applicable to deliberations of military promotion selection boards. The provision would specify that discussions and deliberations of selection boards, including any written or documentary records thereof, shall be immune from legal process; shall not be admitted as evidence; and shall not be used for any purpose in any action or suit, or judicial or administrative proceedings without the consent of the Secretary of the military department concerned.

The committee believes that existing policies of the Department of Defense and the services and oversight exercised by senior military and civilian officials relating to selection board procedures provide necessary safeguards and are effective in ensuring that promotion selection board members fulfill their duty under law to recommend the best qualified officers for promotion. Erosion over time of the limits on judicial review and discovery in connection with litigation have not been consistent with the statutory framework and military necessity.

## Special selection board authorities (sec. 519)

The committee recommends a provision that would amend sections 628 and 14502 of title 10, United States Code, with respect to authority to conduct special selection boards. The provision would limit the availability of special selection boards to officers who are in or above the primary promotion zones. This is consistent with the treatment of Reserve component officers under section 14502 and, additionally, limits the substantial administrative burden of conducting special selection boards only to those cases in which material error may have occurred. The provision would also clarify that errors in active and Reserve board procedures that are not in accordance with law must also be determined by the service secretaries to be material to the outcome of the board's determination.

## Removal from promotion lists of officers returned to the President by the Senate (sec. 520)

The committee recommends a provision that would amend sections 629 and 14310 of title 10, United States Code, to clarify the conditions under which officers whose nominations have not received the advice and consent of the U.S. Senate will by operation of law be removed from promotion lists. The committee believes, consistent with the intent of existing sections 629 and 14310, that there must be statutory procedures for automatic removal of officers from promotion lists when it is clear that these officers will not receive a favorable committee recommendation or the advice and consent of the U.S. Senate and, within a foreseeable time frame, fulfill the legal requirements for appointment to higher

Defendants' Renewed Motion to Reconsider
Exhibit 3
Page 2 of 2

Citation                    Found Document            Rank(R) 1 of 1          Database
S. REP. 102-482                                                               LH
S. REP. 102-482, S. Rep. No. 482, 102ND Cong., 2ND Sess. 1992,
1992 WL 311856 (Leg.Hist.)

---
Page 1
---

(Cite as: S. REP. 102-482)

*1 REPORT ON THE CONDUCT OF PROCEEDINGS FOR THE SELECTION OF OFFICERS
FOR PROMOTION IN THE U.S. AIR FORCE
SENATE REPORT NO. 102-482
October 8, 1992
[To accompany ]

The selection of officers for promotion in the armed forces through the grade
of major general and rear admiral is governed by statutory procedures. The
central feature of these procedures is the use of impartial boards of officers,
known as selection boards, to recommend officers for promotion. The composition
and conduct of these boards is carefully guided by laws and regulations designed
to ensure the fairness and impartiality of board proceedings. The range of
actions that may be taken by the senior leadership before, during, and after the
board proceedings is likewise circumscribed to preclude improper interference
with the integrity of the selection process.

The fair and impartial conduct of the selection process is a matter of great
concern to the Committee. The integrity of the selection process is essential to
the integrity of the officer corps. Adherence to established laws and

---
Page 2
---

(Cite as: S. REP. 102-482, *1)

regulations is necessary to ensure that the best qualified officers are selected
for promotion, and that the officer corps has confidence in the integrity of the
selection process.

During the Committee's review of certain Air Force nominations during the
101st Congress, the Committee received information which indicated the
possibility of serious and systemic deficiencies in the procedures used by the
Air Force to recommend officers for selection to general officer positions. The
Committee brought these matters to the attention of the Department of Defense.
The Deputy Secretary of Defense ordered an examination of officer selection
procedures throughout the Department of Defense. The results of that review were
provided to the Committee, and considered during Committee proceedings in 1991
on November 19, 20, 21, 25, and 26. *2 A staff report (Sen. Print 102- 54) was
issued on November 26, 1991. The Committee considered the issues raised by the
DOD report and staff report on October 6, 1992, and adopted this report.

The reviews by the Department of Defense and the Committee identified the
following systemic deficiencies in the Air Force officer selection process:

(1) Failure to issue implementing regulations required by applicable statutes
and Department of Defense Directives to ensure the fair operation of the
selection board process.

(2) Use of a preselection process that improperly excluded ninety percent or
more of the eligible officers from consideration by statutory selection boards.

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

S. REP. 102-482                    Rank(R) 1 of 1                    LH

**(Cite as: S. REP. 102-482, *2)**

   (3) Improper communication to selection boards of "priority lists" prepared by senior officers.
   (4) Improper communications between the Air Force leadership and selection board members.
   In addition, these reviews identified deficiencies in specific cases that are described in this report.
   Part I of this report sets forth the statutory and regulatory back-ground of the current promotion selection process. Part II describes the events resulting in the Committee's inquiries and a review by the Department of Defense. Part III analyzes the deficiencies in Air Force procedures disclosed as a result of the Committee's inquiries and the Department's review.

                    I. STATUTORY AND REGULATORY BACKGROUND
 The promotion selection process

   The promotion of military officers through the grade of major general and rear admiral relies on a merit-based system, the centerpieces of which is the selection board process. The sole exception involves officers nominated under the President's power under Article II of the Constitution to make nonstatutory nominations, an authority that is rarely invoked.

**(Cite as: S. REP. 102-482, *2)**

   Under current law, 10 U.S.C. 612, each selection board must consist of at least five officers, all of whom must be serving in a grade higher than the officers under consideration by the board. To ensure that the selection process is not dominated by a small group of officers, the law provides that "[n]o officer may be a member of two successive selection boards *** for the consideration of officers of the same competitive category and grade." 10 U.S.C. 612(b). To emphasize the solemnity of the board's responsibilities, a statute requires that each member "swear that he will perform his duties as a member of the board without prejudice or partiality and having in view both the special fitness of officers and the efficiency of his armed force." 10 U.S.C. 613.
   To encourage candid discussions free from outside interference, the law prohibits disclosure of a board's deliberations "to any person not a member of the board," subject only to very limited exceptions. 10 U.S.C. 618(f).
   The board must submit a written report, signed by each member, certifying that the board has "carefully considered the record of each officer" under consideration, and that those recommended by the board "are best qualified for promotion." 10 U.S.C. 617.
   **\*3** Prior to submission of the board's report to the President, it is reviewed by the Secretary of the Military Department concerned, the Chairman of the Joint Chiefs of Staff, and the Secretary of Defense. These individuals are

**(Cite as: S. REP. 102-482, *3)**

not authorized to interfere with the legitimate exercise of discretion by the

              (C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.