### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE: NAVY CHAPLAINCY        :      Misc. Action No.: 07-0279 (RMU)

                                      :

_____:      Document No.: 2

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO RECONSIDER AND REQUEST FOR PROTECTIVE ORDER

### I. INTRODUCTION

In the latest iteration of this longstanding dispute between non-liturgical naval chaplains ("the plaintiffs ") and the United States Navy and various naval officers ("the defendants"), the defendants move the court to reconsider its order denying an appeal of Magistrate Judge Facciola's ruling that the plaintiffs are entitled to discovery of the deliberations of Selective Early Retirement ("SER") boards. The defendants supplement their motion with a request for a protective order to effectuate the court's ruling should it find in their favor. In support, the defendants argue that a new federal statute – enacted after the court affirmed the magistrate judge's order – plainly prohibits the civil discovery of selection board deliberations. The plaintiffs characterize the statute as ambiguous by propounding a conflict with federal statutory and constitutional causes of action supposedly impaired by application of the statute's evidentiary privilege. Because the plaintiffs manufacture this purported conflict contrary to clear law, the court grants the defendants' motion to reconsider and grants the defendants' request for a protective order recognizing that the deliberations of the SER boards are privileged.

## II.  BACKGROUND

### A.  Factual History

The plaintiffs[1] in this case allege that the Navy established, promoted and maintained religious quotas and other discriminatory practices in the Navy Chaplain Corps in violation of the First and Fifth Amendments.  Second Am. Compl. at 2.  According to the plaintiffs, until the 1980s, the Navy hired chaplains from various faith groups based on objective criteria, such as the relative percentage a religion represented in the total American population.  *Id.* at 23-24.  In response to a shift in America's religious demographics away from liturgical Protestant denominations and toward non-liturgical Christian faith groups, however, the Navy allegedly abandoned its objective criteria and adopted a subjective "thirds policy."  *Id.* at 24.  Under the thirds policy, the Navy allegedly reserved one-third of its Chaplain Corps slots for Catholics, one-third for liturgical Protestants and one-third for members of all other religions (including non-liturgical Protestants).  *Id.*

According to the plaintiffs, the Navy applied the thirds policy not only to accessions[2] but also to promotions and retentions.  *Id.* at 25.  To identify officers for promotion and early retirement, the Navy uses selection boards that evaluate a chaplain's capacity and potential for further service.  *Id.* at 28, 30 (citing 10 U.S.C. §§ 612 *et seq.*).  The plaintiffs allege that to maintain liturgical control of the Chaplain Corps, the Navy uses the promotion and SER boards

---

[1]    For readability, the court refers to the plaintiffs and the defendants collectively, even though the three member cases comprising this consolidated miscellaneous action did not proceed as one until June 18, 2007.  Mem. Order (June 18, 2007).

[2]    The term "accessions" refers to individuals the Chaplain Corps brings into the Navy, either active duty or reserve, as commissioned officers during the current fiscal year.  *Adair v. England*, 217 F. Supp. 2d 7, 9 n.5 (D.D.C. 2002) (quoting the defendants' submission).

2

to diminish non-liturgical chaplains' opportunities for promotion and to "thin down" the number

of non-liturgical chaplains at the higher ranks by forcing them out of service.  *Id.* at 24, 28, 32-

33.   In support of their allegations, the plaintiffs set forth various statistics and anecdotal

evidence.  *E.g., id.* at 4-9, 14-17, 19-20, Exs. 2-4, 6.  The plaintiffs also point to a 1995 report

("the Ellis Report") finding a "clear" and "disconcerting" institutional bias against non-liturgical

chaplains in key Navy positions and a 1997 report ("the Stafford Report") concluding that one

promotion board "may have systematically applied a denominational quota system, perhaps to

ensure balanced denominational representation across the Chaplain Corps."  *Id.* at 26-27, 32,

Exs. 5, 8.

### B.  Procedural History

The genesis of this contested question dates back five years to the plaintiffs' October 29,

2002 motion to compel discovery of the Navy's promotion board proceedings and deliberations.

Pls.' Mot. for an Order Requiring Def. Sec'y of the Navy to Release Personnel Associated with

Chaplain Promotion Boards from their Oath Not to Disclose Promotion Board Proceedings

("Pls.' Mot. to Compel") at 1.  There, the plaintiffs contended that the testimony of selection-

board personnel was material to their claims and that the Navy had refused to allow such

personnel to testify on the grounds that the proceedings of a selection board "may not be

disclosed to any person not a member of the board."  *Id.* at 1 (quoting 10 U.S.C. § 618(f)).  On

September 2, 2003, the court granted the plaintiffs' motion, ruling (1) that the requested

testimony was relevant to the plaintiffs' claims, (2) that the information sought was not shielded

from civil discovery by the deliberative-process privilege and (3) that 10 U.S.C. § 618(f) did not

bar limited discovery.  *Adair v. England*, 217 F.R.D. 250 (D.D.C. 2003) ("*Chaplaincy I*").  On

3

appeal, the D.C. Circuit reversed in part and vacated and remanded in part. *In re England*, 375 F.3d 1169 (D.C. Cir. 2004). The Circuit ruled that 10 U.S.C. § 618(f) in conjunction with 10 U.S.C. § 611(a) constitutes an absolute bar to disclosure of promotion selection board proceedings in civil discovery. *Id.* at 1177-1178. Because the parties had not briefed this court on the applicability of § 618(f) to SER boards, the D.C. Circuit remanded to this court for determination, in the first instance, of whether SER-board proceedings are similarly exempt from civil discovery.

Acting upon an April 4, 2004 referral by this court for discovery disputes, Judge Facciola issued a memorandum opinion ruling on this issue on March 8, 2006. Judge Facciola ruled that neither 10 U.S.C. § 618(f), 10 U.S.C. § 14104, nor Navy regulations shielded SER-board proceedings from civil discovery. *Chaplaincy of Full Gospel Churches v. England* ("*Chaplaincy II*"), 234 F.R.D. 7 (D.D.C. 2006). Additionally, Judge Facciola reaffirmed this court's prior ruling that discovery into SER-board proceedings is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) and is not shielded by the deliberative-process privilege. *Id.* at 12-13 (citing *Chaplaincy I*, 217 F.R.D. at 256-58). The defendants appealed Judge Facciola's decision, but this court denied the appeal. *Adair v. Winter*, 451 F. Supp. 2d 202, 204 (D.D.C. 2006).

On October 17, 2006, the President signed the National Defense Authorization Act for Fiscal Year 2007, H.R. 5122, 109th Cong. (2006); Pub. L. No. 109-364, § 547, 120 Stat. 2216. Section 547 of the Act amended Title 10, replacing 10 U.S.C. § 618(f) with 10 U.S.C. § 613(a). The new federal statute broadened the nondisclosure clause of the Act to include all board deliberations convened under 10 U.S.C. §611, which includes SER-boards. 10 U.S.C. § 613(a). The defendants filed a motion for reconsideration of the court's denial of their appeal. With

briefing on the motion concluded, the court now draws to a close the extended debate surrounding this contested question.

### III.  ANALYSIS

#### A.  The Court Grants the Defendants' Motion to Reconsider

#### 1.  Legal Standard for a Motion to Reconsider an Order

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  FED. R. CIV. P. 54(b); *see also Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C. 2000) (citing Federal Rule of Civil Procedure 60(b)'s Advisory Committee Notes).  Reconsideration of an interlocutory decision is available under the standard, "as justice requires."  *Childers,* 197 F.R.D. at 190.

#### 2.  10 U.S.C. § 613(a) Prohibits Discovery of SER-Board Proceedings

The plaintiffs do not dispute that the primary effect of 10 U.S.C. § 613(a) is to broaden the nondisclosure clause of the statute to include all Navy board deliberations and proceedings convened under 10 U.S.C. § 611, which includes SER boards.  Pls.' Opp'n to Defs.' Mot. for Reconsid. (Pls.' Opp'n") at 44-46.  Because this constitutes a dispositive change in law by itself sufficient to carry the defendants' motion for reconsideration and a protective order barring discovery, the plaintiffs propose alternative grounds for denying the motion for reconsideration. The plaintiffs argue that their causes of action against the defendants for alleged violations of the Religious Freedom and Restoration Act ("RFRA") and the United States Constitution preclude a straight-forward interpretation of § 613(a).  *Id.*  Specifically, they contend that to deny them discovery of SER-board proceedings would effectively deny them judicial review of their causes

of action by denying them the evidence necessary to vindicate them.  *Id.* at 21-31.  The

defendants respond that the courts have already considered this precise objection on multiple

occasions – and consistently dismissed it as meritless.  Defs.' Reply at 7.

The defendants' memory is not flawed.  The legal authority dismissing the plaintiffs

argument is definitive, superior, conclusive and recent.  The United States Supreme Court, in

interpreting the confidentiality provisions incorporated by Congress into the Census Act, has held

that, "[a] finding of 'privilege'. . . shields the requested information from disclosure despite the

need demonstrated by the litigant."  *Baldrige v. Shapiro*, 455 U.S. 345, 362 (1982).  In such

cases, "information may be withheld, even if relevant to the lawsuit and essential to the

establishment of plaintiff's claim," *id.* at 360, whether statutory or constitutional, *id.* at 351.  The

D.C. Circuit directly applied this reasoning to the facts of this case in the very ruling that

remanded the case back to this court.  *See In re England*, 375 F.3d at 1179, 1180-81

(acknowledging the breadth of the privilege but "unwilling[] to soften the import of Congress'

chosen words even if . . . the words lead to a harsh outcome").  And, finally, as recently as last

year, this court itself entertained an identical argument by the plaintiffs regarding § 618(f).  *Adair

v. Winter*, 451 F. Supp. 2d 210, 219-223 (D.D.C. 2006).  The court devoted a substantial portion

of its opinion to carefully considering this same argument and ultimately held that:

> Given the absence of any precedent recognizing a right to statutorily privileged
> information in a civil case involving constitutional claims, the thinness of the
> plaintiffs' legal theory, and the broad deference constitutionally afforded Congress
> to regulate the Navy, the court declines to adopt the plaintiffs' theory that the
> Constitution requires discovery in derogation of an absolute statutory privilege.

*Adair*, 451 F. Supp. 2d at 222.  The court reaffirms its conclusion today.  Whatever wisdom may be associated with the adage "the third time's the charm," the plaintiffs are advised to accept this second ruling as conclusive and refrain from testing their luck a third time before this court.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for reconsideration and for a protective order.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of October, 2007.

RICARDO M. URBINA
United States District Judge