## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: NAVY CHAPLAINCY | ) | Case No. 1: 07-mc-269 (RMU) |
| | ) | |
| | ) | |

### JOINT STATUS REPORT AND MOTION TO LIFT STAY

The parties jointly file this report to update the Court on this case's current status.

Further, the parties agree that it is appropriate to move this case forward and therefore request

that the Court lift the stay it entered in *Gibson v. U.S. Navy*, 06-cv-1696.

**I.      CASE STATUS**

On June 18, 2007, the Court consolidated into the above captioned case three chaplain

cases, *Chaplaincy of Full Gospel Churches v. Winter (CFGC)*, 99-cv-2945; *Adair v. Winter*, 00-

c-v566; and *Gibson v. U.S. Navy*, 06-cv-1696; *CFGC* and *Adair* had been consolidated for pre-

trial purposes.  Prior to consolidation, the Court stayed *Gibson* pending exhaustion of the *Gibson*

plaintiffs' appeal of the Court's decision not to re-transfer that case back to the U.S. District

Court for the Northern District of Florida, where it was originally filed.  In consolidating these

cases, the Court did not address the stay in *Gibson*, *see* 11/7/06 Minute Order, but allowed the

parties to refile pending motions originally filed in *CFGC* and *Adair*.  *See In re Navy Chaplaincy*

Docket No. 1. By Order dated September 24, 2007, the Court stayed the deadline for defendants

to respond to the *Gibson* complaint until further order of the Court.  *Id.,* Doc. No.12.  The *Gibson*

plaintiffs' petition to the Court of Appeals for a writ of mandamus was denied, the *Gibson*

appellate process has been exhausted, and the parties have conferred to determine the appropriate

manner to move the case forward.

As a preliminary matter, the parties note that *Byrum v Winter*, 06-cv-2102, a separate case involving a chaplain's challenge to an administrative board decision, was stayed and transferred to this Court as a related case. *Byrum* Doc. No. 29. The parties in this case would oppose any consolidation with or linkage to *Byrum*. Further, counsel have conferred with counsel for the parties in *Byrum* and confirmed that the parties in *Byrum* also oppose consolidation. Should the Court consider consolidation of *Byrum* with this case, the parties in this case respectfully request the Court set a briefing schedule and afford them the opportunity to object to such consolidation.

Regarding the pending interlocutory appeal in this case on plaintiffs' request for a preliminary injunction against the retention of certain chaplains over age 62, the Court of Appeals heard oral argument on April 24, 2008 and that matter is pending decision

## II.    MOTION TO LIFT THE STAY IN *GIBSON*

The Court did not base the stay in *Gibson* on the above pending appeal addressing plaintiffs' motion for a preliminary injunction and the parties do not believe that the pending appeal justifies continuation of the stay. Further, no other circumstances exist that justify continuing the stay. Accordingly, the parties jointly move the Court to lift the stay. In addition, the parties have conferred and agreed on a tentative briefing schedule to address defendants' response to the *Gibson* complaint and other matters, and following the lifting of the stay, are prepared to move for an Order establishing such a briefing schedule.

Respectfully submitted,

FOR PLAINTIFFS:


Dated: July 3, 2008                          /S/ Arthur a. Schulcz, Sr.
                                             Arthur A. Schulcz, Sr.
                                             2521 Drexel St.
                                             Vienna, VA 22180
                                             703-645-4010
                                             Attorney for plaintiffs


                                             FOR THE DEFENDANTS:

                                             GREGORY G. KATSAS
                                             Assistant Attorney General

                                             JEFFREY A. TAYLOR
                                             United States Attorney

                                             VINCENT M. GARVEY
                                             Deputy Branch Director


Dated: July 3, 2008                          /S/ Michael Q. Hyde
                                             MICHAEL Q. HYDE
Of Counsel:                                  CHRISTOPHER R. HALL
Lieutenant Katherine Pasieta                 Federal Programs Branch, Civil Division
Office of the Judge Advocate General         U.S. Department of Justice
Department of the Navy                       P.O. Box 883
Washington Navy Yard, Bldg 33                20 Massachusetts Ave., N.W., Room 7132
1322 Patterson Ave., S.E., Suite 3000        Washington, D.C. 20044
Washington, D.C.  30274-5066                 Telephone: (202) 514-2205

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: NAVY CHAPLAINCY | ) | Case No. 1: 07-mc-269 (RMU) |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| DAVID L. GIBSON, et al., | ) |  |
|  | ) |  |
| v. | ) | Case No. 06-cv-1696 (RMU) |
| THE UNITED STATES NAVY, et al. | ) |  |
|  | ) |  |

## [proposed] ORDER LIFTING THE STAY

Before the Court is the Joint Motion by the parties to lift the stay in *Gibson v. U.S. Navy*, 06-cv-1696, which the Court has consolidated into *In re Navy Chaplaincy*.  It appears to the Court there is no reason to continue the stay, the motion is in the interest of justice and necessary to advance the case. Accordingly, the Court GRANTS the parties' motion and  lifts the stay so that the parties may advance this case.

It is further ORDERED that within 15 days the parties shall provide the Court a proposed schedule to address further motions and defendants' response to the *Gibson* Complaint.

It is so ORDERED, this _____ the day of_____, 2008.


_____
RICARDO M. URBINA
U.S. DISTRICT COURT JUDGE