UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: NAVY CHAPLAINCY | Case No. 1:07-mc-269 (GK) |

## MEMORANDUM OPINION

Plaintiffs, 65 current and former Non-liturgical Protestant chaplains in the United States Navy, their endorsing agencies, and a fellowship of non-denominational Christian evangelical churches, bring this consolidated action against the Department of the Navy and several of its officials. Plaintiffs allege that Defendants discriminated against Non-liturgical Protestant chaplains on the basis of their religion, maintained a culture of denominational favoritism in the Navy, and infringed on their free exercise and free speech rights.

This matter is before the Court on Plaintiffs' Motion for Modification and/or Clarification of the Court's Decision to Dismiss Certain Plaintiffs under the Statute of Limitations ("Motion") [Dkt. No. 203]. Upon consideration of Plaintiffs' Motion, and Plaintiffs' Errata [Dkt. No. 206], Defendants' Opposition to the Motion [Dkt. No. 208], Plaintiffs' Reply [Dkt. No. 212], and the entire record herein, and for the reasons set forth below, Plaintiffs' Motion shall be **denied**.

## I. BACKGROUND

A brief recitation of the facts is necessary to resolve Plaintiffs' Motion. For a more detailed summary of the facts and procedural history, see this Court's September 26, 2014 Memorandum Opinion resolving the Cross-Motions for Summary Judgment [Dkt. No. 194].

This consolidated case is composed of three cases filed by the same counsel: Chaplaincy of Full Gospel Churches v. England, Civ. No. 99-2945 ("CFGC"); Adair v. England, Civ. No. 00-566 ("Adair"); and Gibson v. Dep't of Navy, Civ. No. 06-1696 ("Gibson"). CFGC and Adair were filed in this Court on November 5, 1999, and March 17, 2000, respectively, and were consolidated for pretrial purposes on September 26, 2000 [Adair Dkt. No. 21]. On April 28, 2006, Plaintiffs' counsel filed Gibson as a separate putative class action in the Northern District of Florida, and that case was subsequently transferred to this District pursuant to 28 U.S.C. § 1404. See Mem. Order, dated August 17, 2006, at 1 [Gibson Dkt. No. 1].

On June 18, 2007, the Court consolidated all three actions, concluding that they raise "substantially similar constitutional challenges to the Navy Chaplaincy program." Mem. Order, dated June 18, 2007, at 4 [Dkt. No. 11]. Between 2002 and 2009, the parties conducted discovery, interspersed with collateral litigation and

three interlocutory appeals to the D.C. Circuit. At the Court's request, on October 3, 2012, Plaintiffs filed a Consolidated Complaint [Dkt. No. 134] comprised of all the claims at issue in the consolidated case.

On September 26, 2014, the Court granted Defendants' Motion for Partial Summary Judgment, finding that many of Plaintiffs' claims were time-barred.[1] See Memorandum Opinion on Motions for Partial Summary Judgment ("Summary Judgment Opinion")[Dkt. No. 194]. The Court also ordered the parties to submit a joint Notice identifying the remaining claims following its Order. Id. The parties submitted their Notice on October 24, 2014 [Dkt. No. 199] and a Status Conference was held on November 5, 2014.

On November 19, 2014, Plaintiffs filed their present Motion for Modification and/or Clarification [Dkt. No. 203]. Defendants filed their Opposition on December 18, 2014 ("Opp'n") [Dkt. No. 208], and Plaintiffs filed their Reply on January 12, 2015 ("Reply") [Dkt. No. 212].

---

[1] Specifically, the Court granted summary judgment to Defendants on: "all CFGC claims based on policies or personnel actions finalized prior to November 5, 1993; all Adair claims based on policies or personnel actions finalized prior to March 17, 1994; and all Gibson claims based on policies or personnel actions finalized prior to April 28, 2000." Order dated September 26, 2014 [Dkt. No. 193]

## II. LEGAL STANDARD[2]

Under Federal Rule of Civil Procedure 54(b) the Court has discretion to reconsider its own interlocutory decisions as justice requires at "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities[,]" Fed. R. Civ. P. 54(b).

Our Court has consistently held that Rule 54(b) reconsideration may be granted "as justice requires." Cobell v. Jewell, 802 F.3d 12, 25 (D.C. Cir. 2015); Judicial Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). Under the "as justice requires" standard, a court may consider whether it "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." Judicial Watch, 466 F. Supp. 2d at 123 (quoting Cobell v. Norton, 224 F.R.D.

---

[2] Plaintiffs state in the first sentence of their Motion that they also seek reconsideration under Fed. R. Civ. P. 59, but fail to mention Rule 59 at any other point in their Motion or Reply. In light of Plaintiffs' failure to pursue their Rule 59 argument and because this Motion is more appropriately viewed as a Rule 54(b) Motion, the Court will limit its analysis to Rule 54(b). In any event, "courts have more flexibility in applying Rule 54(b) than in determining whether reconsideration is appropriate under Rule 59(e)." Cobell v. Jewell, 802 F.3d 12, 26 (D.C. Cir. 2015) (internal quotation marks and citation omitted),

266, 272 (D.D.C. 2004)). "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

Ultimately, the "as justice requires" standard amounts to determining "whether reconsideration is necessary under the relevant circumstances." Judicial Watch, 466 F. Supp. 2d at 123. While the court has a great deal of discretion under 54(b), it is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh, 383 F.Supp.2d at 101 (internal citations omitted).

## III. ANALYSIS

### A. The Court Correctly Held Section 2401(a) To Be Jurisdictional

Plaintiffs argue that the Court was incorrect in its conclusion that 28 U.S.C. § 2401(a) is jurisdictional and does not permit class action tolling. While Plaintiffs make several arguments as to why the Court's Summary Judgment Opinion was incorrect, they do not directly address why this Court is not bound

by our Court of Appeals' decision in Mendoza v. Perez, 754 F.3d 1002 (D.C. Cir. 2014).[3]

As discussed in the Summary Judgment Opinion that Plaintiffs ask the Court to reconsider, our Court of Appeals has long held that Section 2401(a) is unlike a "normal statute of limitations" because it "'creates a jurisdictional condition attached to the government's waiver of sovereign immunity" that "cannot be waived by the parties" and is not subject to equitable extensions. Mendoza, 754 F.3d at 1018 (quoting P & V Enters. v. U.S. Army Corps of Eng'rs, 516 F.3d 1021, 1026 (D.C. Cir. 2008) (citing cases)). Under this clear and controlling precedent, the Court lacks any authority to extend the limitations period for claims governed by Section 2401(a). Id.; see also John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008) (observing that a "jurisdictional" statute of limitations "forbid[s] a court to consider whether certain equitable considerations warrant extending a limitations period").

---

[3] Plaintiffs cite to Menominee Indian Tribe of Wisconsin v. United States, 614 F.3d 523 (D.C. Cir. 2010) ("Menominee I") and Menominee Indian Tribe of Wisconsin v. United States, 764 F.3d 51 (D.C. Cir. 2014) ("Menominee II"), but neither case is applicable, as they deal with a different statute of limitations provision. In addition, Mendoza was decided only a few months after Menominee II; presumably the Court of Appeals was aware of its recent decision in Menominee II when it held that Section 2401(a) is jurisdictional.

The Court of Appeals has acknowledged that it has "recently questioned the continuing viability of this holding in light of recent Supreme Court decisions" holding that statutes of limitations in actions against the Government are subject to the same rebuttable presumption of equitable tolling applicable to suits against private defendants. Mendoza, 754 F.3d at 1018 n.11 (citing P & V Enters., 516 F.3d at 1027 & n.2; Felter v. Kempthorne, 473 F.3d 1255, 1260 (D.C. Cir. 2007)). In addition, after briefing on the present Motion was complete, the Supreme Court held that the statute of limitations with respect to the Federal Tort Claims Act in 28 U.S.C. § 2401(b) was not jurisdictional because Congress had "provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a court of jurisdiction." United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015).

However, because our Court of Appeals has explicitly held that § 2401(a) is jurisdictional, and because the Supreme Court's holding in Kwai Fun Wong is limited to § 2401(b), this Court remains bound by Circuit precedent as it currently exists.

**B.    The Court Correctly Denied Equitable Tolling of the Limitations Period**

Plaintiffs argue that D.C. Circuit precedent allows Section 2401(a) to tolled, even if it is jurisdictional. See Pls.' Mot.

at 5-8. Plaintiffs rely exclusively on our Court of Appeals' decision in Hohri v. United States, 782 F.2d 227 (D.C. Cir. 1986), vacated and remanded on other grounds, 482 U.S. 64 (1987). In Hohri, the Circuit Court held that fraudulent concealment will toll Section 2401(a)'s six-year statute of limitations. Hohri, 782 F.2d at 247. The Circuit Court's opinion was vacated by the Supreme Court on unrelated jurisdictional grounds. Hohri, 482 U.S. at 68.

Since Hohri was vacated, courts in this circuit have continuously held that because Section 2401(a) is jurisdictional, they lack the power to toll its limitation period. See W. Virginia Highlands Conservancy v. Johnson, 540 F. Supp. 2d 125, 138 (D.D.C. 2008) (Section 2401(a) has been construed as a jurisdictional statute of limitations and cannot be overcome by the application of judicially recognized exceptions such as equitable tolling or fraudulent concealment); Conservation Force v. Salazar, 811 F. Supp. 2d 18, 27, 28 n.4 (D.D.C. 2011) (same), vacated and remanded on other grounds, Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1202 (D.C. Cir. 2013); Appalachian Voices v. McCarthy, 989 F. Supp. 2d 30, 42-43 (D.D.C. 2013) (same); see also John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008) (observing that a "jurisdictional" statute of limitations "forbid[s] a court to consider whether certain equitable considerations warrant extending a limitations period").

Therefore, the Court correctly denied Plaintiffs' requests for equitable tolling.

### C. Amending the Complaint

Plaintiffs request the opportunity to amend their Complaint prior to dismissal of the time-barred chaplains. Pls.' Mot. at 11. Plaintiffs contend that amendment of the Complaint "to further specify and clarify their continued injury by successive failures of selection ("FOS") and bias in the Reserves" will allow six chaplains to continue as plaintiffs. Id.

Plaintiffs' argument is unavailing. The Consolidated Complaint was filed in October 2012 and is over 200 pages long, including a 75 page appendix of very detailed information of the claims for each plaintiff. Any claims Plaintiffs thought they had should have been included in the Consolidated Complaint.

Plaintiffs argue that they did not include subsequent FOS by various boards because they thought it unnecessary under D.C. Circuit law and the law of the case. Pls.' Mot. at 11. Necessary or not, Plaintiffs made a conscious decision not to include all of their claims in the Consolidated Complaint or to seek amendment at an earlier date. Although Plaintiffs may regret their decision to omit claims by these six plaintiffs now that their claims have been dismissed, that is not sufficient reason to permit them to amend their Complaint to assert the previously omitted claims.

Plaintiffs also contend that twelve chaplains should have been permitted to join Adair v. England as additional plaintiffs in 2002-03, and had they been permitted to do so, they would fall within Adair's statute of limitations. Pls.' Mot. at 14. Plaintiffs wish to file a motion "addressing the Court's failure to allow additional plaintiffs to join in 2002-03," but at no point do they state what the motion will consist of or what relief they will seek. See Pls.' Mot at 14-15, 17; Pls.' Reply at 2-6.

Given Plaintiffs' lack of specificity for why the Court should further delay dismissing the twelve chaplains who purportedly sought to join the Adair case in 2002, the Court sees no reason to withhold dismissal of those plaintiffs whose claims are time-barred.

IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Modification and/or Clarification of the Court's Decision to Dismiss Certain Plaintiffs under the Statute of Limitations shall be **denied**. An Order shall accompany this Memorandum Opinion.

February 9, 2016

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

Copies to: attorneys on record via ECF

- 10 -