# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| IN RE: NAVY CHAPLAINCY | ) ) ) | Misc. Action No. 07-0269 (JDB) |

## JOINT REPORT REGARDING THE PARTIES' PROPOSAL FOR FURTHER PROCEEDINGS

Pursuant to the Court's Order of August 30, 2018 (ECF No. 335), Plaintiffs and Defendant United States Navy (the "Navy") submit the following Joint Report Regarding the Parties' Proposal for Further Proceedings.

## BACKGROUND

In its Memorandum Opinion of August 30, 2018 (ECF No. 336), the Court detailed the nine claims in this consolidated action that survived the Court's opinions and orders denying Plaintiff's motion for class certification, granting the Navy's motion for summary judgment on statute-of-limitations grounds, and dismissing certain claims for lack of subject-matter jurisdiction. *See* Mem. Op. at 12. The parties' summary judgment briefing addressed the six "systemic" claims, which challenge the constitutionality of alleged systemic policies, practices or procedures governing statutory promotion or selective early retirement boards; the constitutionality of 10 U.S.C. § 613a; and parallel challenges under the Religious Freedom Restoration Act, 42 U.S.C. § 2000-bb, et seq. *Id.* The Court's August 30 Order granted the Navy's motion for summary judgment on each of these claims. *See* Order; Mem. Op. at 12-13, 44-45.

The claims remaining in this consolidated action – Claims Seven through Nine – consist of "*ad hoc*" claims, challenging discrete alleged instances of constructive discharge,

retaliation, and interference with form of prayer by certain remaining Plaintiffs. Mem. Op. at 12; *see also* March 16, 2016 Order at 4-5, ECF No. 238.

## DISCUSSION

The parties jointly propose that the Court (1) permit the parties to file a joint motion to sever the "ad hoc" claims from this action pursuant to Federal Rules 20 and 21, not later than September 30, 2018, and (2) address the issue of whether Plaintiffs can demonstrate a factual basis for equitable tolling of the statute of limitations, 28 U.S.C. § 2401(a), fully raised and argued in the parties' prior briefing in 2014 but not ruled on by the Court.

## DISCUSSION

### I. THE COURT SHOULD PERMIT THE PARTIES TO FILE A JOINT MOTION TO SEVER CLAIMS PURSAUNT TO FED. R. CIV. P. 20 AND 21.

The parties agree that the remaining *ad hoc* claims of constructive discharge, retaliation, and interference with form of prayer asserted by numerous individual Plaintiffs should be severed from this action pursuant to Federal Rules of Civil Procedure 20 and 21. Under Rule 21, "the court may at any time, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Severed claims become independent actions that proceed separately and result in separate judgments." *M.M.M. ex. rel. J.M.A. v. Sessions*, No. 18-1759 (PLF), 2018 WL 3696567, at *4 (D.D.C. Aug. 3, 2018). Under Fed. R. Civ. P. 21, "it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004).

The parties submit that severance is warranted here because the remaining *ad hoc* claims are inherently fact-specific and concern allegations of discrete instances, involving different plaintiffs, different witnesses, different events, in different locations, and at different times. As such, they lack sufficient commonality under Rule 20. *See, e.g.*, *Davidson v. Dist. of Columbia*,

736 F. Supp. 2d 115, 121 (D.D.C. Sept. 2010) (severing claims that "arise out of separate administrative proceedings that resulted in separate [administrative determinations] issued on different dates involving, for the most part, different students"); *Byrd v. Dist. of Columbia*, 807 F. Supp. 2d 37, 76 (D.D.C. 2011) (severing hostile work environment and retaliation claims after dismissal of challenges to systemic policies where "[t]he alleged harassment occurred at different times, was committed by different supervisors, at entirely different locations").

This Court has used Rule 21 severance in at least one case to deconsolidate a multiple-plaintiff action, permitting the severed plaintiffs to refile individual actions while reserving the ability to dismiss the claims of such plaintiffs with prejudice if they failed to refile individual actions within a period certain. *See Battle v. Dist. of Columbia*, CIV.A.08-1449 (JR), 2009 WL 6496486, at *2 (D.D.C. 2009). The parties propose a similar order here, which would dismiss the *ad hoc* claims without prejudice and permit them to be refiled as new independent actions within a time period certain without impairing the applicable Plaintiffs' rights under the applicable statute of limitations, 28 U.S.C. § 2401(a). Further, after lapse of the time period, all unfiled claims would be dismissed with prejudice. Plaintiffs have proposed a 120-day time period for refiling, in light of the likely need of the individual Plaintiffs to secure new counsel, and Defendant does not oppose Plaintiffs' request.[1]

Once all *ad hoc* claims are severed and dismissed from this action, the only remaining claims in this action would be Plaintiffs' systemic claims. These claims were resolved in this Court's August 30 Order (subject to the proposal discussed *infra*). Accordingly, that decision would become final for the purposes of appeal upon entry of judgment.

---

[1] The parties believe the severance and dismissal of the remaining claims can be structured to allow Plaintiffs to file an appeal after the Court issues the order severing and dismissing the remaining individual claims.

Given the procedural issues implicated by severance and the effect on the appealability of this Court's August 30 Order, the parties propose submitting to the Court a joint motion on severance not later than September 30, 2018 to further explain the parties' proposed approach.

## II. THE PARTIES PROPOSE THAT THE COURT ADDRESS THE FACTUAL BASIS FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS.

In 2014, this Court granted Defendant's Motion for Partial Summary Judgment as to Claims that Accrued Outside of the Statute of Limitations and denied Plaintiffs' Cross-Motion. *In re Navy Chaplaincy*, 69 F. Supp. 3d 249 (D.D.C. 2014).  In Plaintiffs' Cross-Motion, they argued that the statute of limitations applicable to their systemic claims, 28 U.S.C. § 2401(a), should be equitably tolled under two theories:  Defendant's alleged fraudulent concealment of its alleged "wrongdoing" and the "class action tolling" doctrine under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).  *In re Navy Chaplaincy*, 69 F. Supp. 3d at 259.  The Court denied Plaintiffs' claim for equitable tolling without addressing Plaintiffs' proffered factual bases for these theories because it concluded that § 2401(a) was "jurisdictional" and therefore "not subject to equitable extensions."  *Id.* (citing *Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014)).

In November 2014, Plaintiffs sought modification and/or clarification of that decision. (ECF No. 203).  The Court did not issue a decision on Plaintiffs' motion until 2016, by which time the Supreme Court had issued its decision in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015), in which it held that the statute of limitations with respect to the Federal Tort Claims Act in 28 U.S.C. § 2401(b) was not jurisdictional.  In denying Plaintiffs' motion, this Court acknowledge *Wong*, held that it remained bound by the D.C. Circuit's holding in *Mendoza* that § 2401(a) was jurisdictional, and accordingly, declined to address the

4

factual bases for equitable tolling. *In re Navy Chaplaincy*, No. 07-mc-267, 2016 WL 541126, at *3 (D.D.C. Feb. 9, 2016) ("[B]ecause our Court of Appeals has explicitly held that § 2401(a) is jurisdictional, and because the Supreme Court's holding in *Kwai Fun Wong* is limited to § 2401(b), this Court remains bound by Circuit precedent as it currently exists."). Accordingly, the Court reaffirmed its holding that it "lack[ed] the power to toll" the limitations period in § 2401(a). *Id.*

Plaintiffs intend to appeal the Court's statute of limitations ruling to the D.C. Circuit. *See* Mem. of P. & A. in Supp. of Pls.' Rule 56(d) Mot. for Stay in Summ. J. Proceedings at 8-9, ECF No. 303. In the interests of judicial economy and to ensure finality in the proceedings in this Court prior to appeal, the parties request that this Court address the issue of whether Plaintiffs have established a factual basis for equitable tolling if § 2401(a) is not jurisdictional. Addressing the issue now would ensure that the D.C. Circuit would be presented with decisions of this Court on all relevant issues and may obviate the need for any further proceedings in this Court.

The parties fully briefed the merits of Plaintiffs' claim for equitable tolling in connection with two sets of motions, the parties' Cross-Motions for Partial Summary Judgment and Plaintiffs' Motion for Modification and/or Clarification.[2] As such, the parties do not believe re-briefing the issue is required, and would propose only that the Court permit the parties to each submit supplemental briefs of no more than 10 pages summarizing the

---

[2] Relevant briefing is contained: Def.'s Mem. of P. & A. in Supp. of Mot. for Partial Summ. J. as to Claims that Accrued Outside the Limitations Period (ECF No. 159), Pls.' Opp'n & Cross-Mot. (ECF No. 172), Def.'s Reply (ECF No. 182), Pls.' Reply (ECF No. 189), Pls.' Mot. for Modification and/or Clarification of the Court's Decision to Dismiss Certain Plaintiffs under the Statute of Limitations (ECF No. 203), Def.'s Opp'n (ECF No. 208), and Pls.' Reply (ECF No. 212).

relevant arguments, directing the Court to the relevant portions of the prior briefs, and providing new authority that may have developed since the parties' initial briefings.

DATED: September 13, 2018                Respectfully submitted,

                                                           JOSEPH H. HUNT
                                                           Assistant Attorney General

                                                           ANTHONY J. COPPOLINO
                                                           Deputy Director

                                                            /s/ Chetan A. Patil
                                                           CHRISTOPHER R. HALL
                                                           ANDREW E. CARMICHAEL
                                                           CHETAN A. PATIL
                                                           Attorneys
                                                           U.S. Department of Justice
                                                           Civil Division, Federal Programs Branch
                                                           20 Massachusetts Avenue, NW
                                                           Washington, DC 20530
                                                           (202) 305-4968
                                                           chetan.patil@usdoj.gov

                                                           Of Counsel:
                                                           LT Tyson Marx
                                                           Office of the Judge Advocate General
                                                           Department of the Navy
                                                           Washington Navy Yard, Bldg. 33
                                                           1322 Patterson Avenue, SE Suite 300

Dated: September 13, 2018                 /S/ Arthur A. Schulcz Sr.
                                                           ARTHUR A. SCHULCZ Sr.
                                                           Chaplains' Counsel, PLLC
                                                           D.C. Bar No. 453402
                                                           Counsel for the Chaplain Plaintiffs
                                                           21043 Honeycreeper Place
                                                           Leesburg VA 20175
                                                           703-645-4010
                                                           art@chaplainscounsel.com